IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.  No. CR 13-0673 JB

CHAD F. SUMMERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** comes before the Court on the Sealed Objection to the Presentence Report, filed February 7, 2014 (Doc. 52)("Objection"). The Court held a hearing on February 11, 2014. The primary issue is whether the Defendant Chad F. Summers is subject to the 2-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) for distributing child pornography even if he was not aware that the peer-to-peer file-sharing program he used to access pornographic images and videos of minors automatically made the images he accessed available to other people on the peer-to-peer program. Because the United States Court of Appeals for the Tenth Circuit in United States v. Ray, 704 F.3d 1307 (10th Cir. 2013), held that U.S.S.G. § 2G2.2(b)(3)(F) does not require a defendant to know that the program he is using to access child pornography has the

---

[1] In the Sealed Memorandum Opinion and Order, filed February 12, 2014 (Doc. 55)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information within the Sealed MOO before the Court published a public version of the Sealed MOO. See Sealed MOO at 1 n.1. The Court gave the parties ten calendar days to provide notice of any proposed redactions. See Sealed MOO at 1 n.1. The parties have not contacted the Court or made any filings within CM/ECF to indicate that they have any proposed redactions. Consequently, the Court is now re-filing the Sealed MOO in an unsealed form.

capability to distribute the images and videos to other people, the Court will overrule Summers' Objection and apply the 2-level enhancement for distribution.

## PROCEDURAL BACKGROUND

Summers pled guilty to the receipt of a visual depiction of minors engaged in sexually explicit conduct, in violation 18 U.S.C. §§ 2252 and 2256.  See Objection at 1-2.  The United States Probation Office ("USPO") applied a 2-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F), because Summers "was offering child pornography images and videos through a Peer-2-Peer (P2P) file sharing program; therefore, a two level increase is warranted." Presentence Investigation Report, disclosed October 9, 2013 ("PSR")(citing U.S.S.G. § 2G2.2(b)(3)(F)).

Summers objects to the 2-level enhancement, because he was not indicted for any charges involving distribution, and he argues that the PSR did not reference any evidence that he distributed images of what he pled guilty to receiving.  See Objection at 2.  The USPO, in the Addendum to the Presentence Report, disclosed February 11, 2014 ("Addendum"), maintains that the 2-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) applies, because Summers

> downloaded to his computer, images and videos of child pornography via eMule, a P2P file sharing network, as a vehicle for obtaining child pornography, which in turn, made the images fully accessible for other users of the software program to allow users to share files.  When a user initiates a download, the eMule program automatically places the material into shared folders, accessible to other Internet users.  Therefore, a two level enhancement for distribution was properly applied.

Addendum at 1.  The United States argues that the 2-level enhancement for distribution is appropriate, because Summers' use of the peer-to-peer software to acquire the child pornography "involved the Defendant making child pornography he had in his shared folder available to other users for download."  Response to Defendant's Objections to the PSR at 2, filed February 11, 2014 (Doc. 53)("Response").  The United States cites two Tenth Circuit opinions to support its

position that Summers' use of the peer-to-peer software involves distributing child pornography. See Response at 2 (citing United States v. Baum, No. 13-8012, 2013 WL 5685786 (10th Cir. Oct. 21, 2013); United States v. Ramos, 695 F.3d 1035 (10th Cir. 2012)).

## ANALYSIS

U.S.S.G. § 2G2.2(b)(3)(F) states that, if the offense involved "[d]istribution other than distribution described in subdivisions (A) through (E), increase by 2 levels." U.S.S.G. § 2G2.2(b)(3)(F). U.S.S.G. § 2G2.2(b)(3)(F) is a "catchall distribution enhancement," United States v. Baum, 2013 WL 5685786, at *2, which does not require the additional elements that § 2G2.2(b)(A) through (E) require, such as distribution for pecuniary gain or distribution to a minor, see U.S.S.G. § 2G2.2(A)-(E). The Application notes to U.S.S.G. § 2G2.2 define "Distribution" as:

> any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

U.S.S.G. § 2G2.2 cmt. n.1.

In United States v. Ramos, the Tenth Circuit addressed the meaning of "distribution" under U.S.S.G. § 2G2.2(b) in relation to peer-to-peer file sharing programs:

> [W]e hold that an *intent to distribute* is not required for an act to qualify as "distribution" under § 2G2.2(b). More specifically, we conclude under these facts that when an individual uses a peer-to-peer network file-sharing program with knowledge that the program will deposit downloaded child-pornography files into a shared folder accessible to other users -- e.g., rendering files only a mouse-click away -- then that person has engaged in an act related to the transfer of child pornography.

United States v. Ramos, 695 F.3d at 1041 (emphasis in original). United States v. Ramos, like this case, involved the use of eMule, a program that accesses the eDonkey network, as a vehicle

- 3 -

for obtaining child pornography.  "When a user initiates a download, the eMule program automatically places the material into shared folders, accessible to other Internet users."  United States v. Ramos, 695 F.3d at 1037.  The Tenth Circuit, in determining whether the defendant distributed the pornographic materials as defined in § 2G2.2(b) when the defendant used a peer-to-peer file sharing system to access the images, cited United States v. Durham, 618 F.3d 921 (8th Cir. 2010), in which the Eighth Circuit reversed a district court that "'automatically imposed the enhancement because [the defendant] used a file-sharing program,' '[r]ather than deciding the merits of the enhancement on an individualized basis under the facts.'"  695 F.3d at 1041 (alteration in original)(quoting United States v. Durham, 618 F.3d at 931).  The Tenth Circuit then reviewed the facts before it, concluding that, although there was "no direct evidence here of distribution," there was indirect proof that the defendant had sophisticated knowledge of his eMule file-sharing program, including the fact that it permitted others to access child pornography from his shared folders.  695 F.3d at 1042.  The district court had summarized the plaintiff United States of America's evidence -- that the defendant was "a sophisticated computer user who accessed large amounts of child pornography over a long period using a file sharing program" -- and the district court inferred from the defendant's "use of the program, his sophistication," and statements he made to an Immigrations and Customs Enforcement agent that he "understood how to place the pornographic images he downloaded in a file which could *not* be accessed by others," that the defendant was aware that files were automatically shared with other people.  695 F.3d at 1042 (emphasis in original).  The Tenth Circuit said that the district court's findings were not clearly erroneous, and, given those facts, that it had "no difficulty concluding" that the defendant "engaged in an act related to the transfer of illicit material."  695 F.3d at 1042.  The Tenth Circuit, in a footnote, noted that "[w]hether the government could ever

establish distribution under U.S.S.G. § 2G2.2(b), where a defendant used a peer-to-peer file-sharing program but possessed some lesser degree of knowledge is not a question we need consider here."  United States v. Ramos, 695 F.3d at 1041 n.3.

In United States v. Ray, 704 F.3d 1307 (10th Cir. 2013), the Tenth Circuit answered the question it left open in United States v. Ramos: "We now hold that § 2G2.2(b)(3)(F) does not require that a defendant know about the distribution capability of the program he is using to view child pornography."  704 F.3d at 1311-12.  The Tenth Circuit noted that that "distribution" can mean "'an act . . . related to the transfer of material involving the sexual exploitation of a minor,'" and that "the text of § 2G2.2(b)(3)(F) requires no particular state of mind, nor does the Sentencing Commission's commentary."  704 F.3d at 1312 (quoting U.S.S.G. § 2.2 cmt. n.1). The Tenth Circuit refused to add a scienter requirement and held that the "district court correctly applied § 2G2.2(b)(3)(F) despite the absence of evidence that Defendant knew that the file-sharing program he was using made his child-pornography files available to others on the Internet."  704 F.3d at 1313.

In this case, a detective was able to access pornographic materials from Summers' IP address, see PSR ¶ 14, but the PSR does not indicate whether Summers understood that others could access the files he downloaded.  Several paragraphs in the PSR indicate that Summers understood he was using a peer-to-peer file-sharing program, see PSR ¶ 18, at 6 ("[Summers] related he has downloaded the child pornography through a Peer-to-Peer (P2P) sharing system called eMule."); PSR ¶ 19, at 6 ("[Summers] said he had specifically downloaded the P2P sharing system called eMule to only the specified Toshiba laptop."); PSR ¶ 25, at 7 ("The defendant stored the images and videos on a Peer-2-Peer file sharing program called eMule which enabled other individuals to retrieve the images and videos."), but those paragraphs do not

necessarily indicate that Summers understood the implication of using a peer-to-peer file-sharing program, namely, that the files he downloaded would automatically be saved to a shared folder, accessible to other people, rather than to a private folder, accessible only to Summers.  Had the Court faced this issue on the limited record in the PSR and with only United States v. Ramos as its guide, it may have concluded that the PSR did not provide evidence that Summers understood eMule's distribution capabilities, and that the Tenth Circuit, based on its reliance on United States v. Durham, would require that a defendant understand the distribution capabilities of the program before it could apply the 2-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F).  With the Tenth Circuit's decision in United States v. Ray, however, the decision before the Court is an easier one.  Summers, using a peer-to-peer file-sharing program, downloaded material depicting minors engaged in sexually explicit behavior; the program saved the images to a shared folder, and detectives were able to access the material from Summers' IP address.  Under controlling Tenth Circuit precedent in United States v. Ray, Summers "distributed" the pornographic material, and the PSR appropriately applies the 2-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F), regardless whether Summers understood that the program saved the material to a shared folder rather than a private folder.  The Court will overrule the Objection.

     **IT IS ORDERED** that the Sealed Objection to the Presentence Report, filed February 7, 2014 (Doc. 52), is overruled.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE

- 7 -

*Counsel:*

Steven C. Yarbrough
  Acting United States Attorney
Charlyn E. Rees
Marisa A. Lizarraga
Cynthia L. Weisman
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Benjamin A. Gonzales
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*